# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 20-0332V
(not to be published)

| | |
|---|---|
| MARY RYBICKI,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: February 7, 2023<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs; Hourly Rates; Paralegal Tasks; Administrative Time |

*Bradley S. Freedberg*, Bradley S. Freedberg, PC, Denver, CO, for Petitioner.

*Martin Conway Galvin*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On March 24, 2020, Mary Rybicki filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered Guillain-Barré Syndrome ("GBS") caused by the influenza vaccine she received on September 25, 2019. Petition at 1, ¶ 2-4. On October 12, 2022, a decision was issued awarding compensation to Petitioner based in the amount of $225,000.00. ECF No. 55.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated November 14, 2022 (ECF No. 61), requesting a total award of $50,917.71 (representing $50,497.98 in fees and $419.73 in costs). In accordance with General Order No. 9, Petitioner filed a signed statement indicating that Petitioner incurred no out-of-pocket expenses. ECF No. 63.  Respondent reacted to the motion on November 20, 2022, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded at the Court's discretion. ECF No. 64.

On November 22, 2022, Petitioner filed an amended motion for attorney's fees and costs, requesting increased hourly rates for the year 2022. ECF No. 65. The requested rate increases bring the total amount of attorney fees requested to the amount of $51,999.48. *Id* at 2. Respondent did not file a reply to Petitioner's amended motion.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate for the reasons listed below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1.

Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

### A. Hourly Rates

Petitioner requests compensation for attorney Bradley Freedberg at the following rates: $425 per hour for 2020; $475 per hour for 2021; and $500 per hour for 2022. ECF No. 65 at 2. Petitioner also requests the following rates for associate attorney Gurney Pearsall, III: $270 per hour for time billed in 2020; $290 per hour for time billed in 2021 and $315 per hour for time billed in 2022. *Id.* The requested rates require an adjustment.

#### i. *Bradley Freedberg*

Mr. Freedberg has previously been awarded the following rates: $410 per hour for time billed in 2020 and $455 per hour for time billed in 2021. *See Comeau v. Sec'y of Health & Hum. Servs.,* No. 19-198V, 2021 WL 3053038 (Fed. Cl. Spec. Mstr. Jun 15, 2021); *Ward v. Sec'y of Health & Hum. Servs.,* No. 19-1621V, 2021 WL 3408511 (Fed. Cl. Spec. Mstr. Jun. 30, 2021). Although Mr. Freedberg has gained additional experience in the Vaccine Program warranting a rate increase for his time in 2022, Program attorneys do not receive rate increases for years where hourly rates have already been established in prior decisions (and I find no reason to deviate from what has been awarded in these prior cases). This results in a reduction of **$308.50**.[3]

Regarding the requested rate for 2022, $500 per hour falls within the experience range provided in OSM's Attorney's Fees rate chart for similarly situated attorneys, I find the specifically requested increase to be excessive based on Mr. Freedberg's limited practice in the Vaccine Program.[4] Rather, based on my experience applying the factors relevant to determining proper hourly rates for Program attorneys, a rate of **$480 per hour** is more appropriate for Mr. Freedberg's 2022 work. This reduces the amount to be awarded herein by an additional **$441.00**.[5]

---

[3] This amount consists of ($425 - $410 = $15 x 6.5hrs = $97.50) + ($475 - $455 = $20 x 10.55hrs = $211) = $308.50.

[4] The Attorneys' Fee Schedule for 2022 is available at http://www.uscfc.uscourts.gov/node/2914.

[5] This amount consists of $500 - $480 = $20 x 22.05hrs = $441.00.

3

ii. *Gurney Pearsall, III*

Just as with Mr. Freedberg, the requested rates for Mr. Pearsall exceed those previously awarded. Mr. Pearsall has been previously awarded the rates of $250 per hour for 2020 and $275 per hour for 2021. *See Comeau, 2021 WL 3053038; Ward, 2021 WL 3408511*. I find these rates to be appropriate and reduce Mr. Pearsall's rate to what has been awarded. Additionally, I find the requested rate for 2022 to be excessive, due to his minimal experience in the Program, and I shall reduce that rate to $300 per hour as more appropriate given Mr. Pearsall's years of experience.[6] Application of these reductions reduce the amount to be awarded in fees by **$347.25**.[7]

B. Paralegal Tasks at Attorney Rates

These attorney's rates must also be reduced where applied to work billed for paralegal tasks. Attorneys may be compensated for paralegal-level work, but at a rate that is comparable to what would be paid for a paralegal. *See, e.g. Doe/11 v. Sec'y of Health & Hum. Servs.*, No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989)); *Mostovoy v. Sec'y of Health & Hum. Servs.*, No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); *Riggins. v. Sec'y of Health & Hum. Servs.*, No. 99-382V, 2009 WL 3319818, at *20-21 (Fed. Cl. Spec. Mstr. June 15, 2009); *Turpin v. Sec'y of Health & Hum. Servs.*, No. 99-535, 2008 WL 5747914, at *5-7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008).

Records show there are 30 hours of billing entries that are more properly characterized as paralegal tasks, including requesting medical records, and filing documents. Examples of these entries include (but are not limited to):

- March 15, 2020 (1.35hrs) "Received 4,000 pages of records from various providers, in a box. Separated the records by provider and briefly reviewed them to note which ones came from which providers and what departments the client had received treatment form in the UCHealth hospital claim";

---

[6] To date Mr. Pearsall has not been listed as attorney of records in a Program Case. Mr. Pearsall is an associate of Mr. Freedberg and assists him in that capacity.

[7] ($270 - $250 = $20 x 36.5hrs = $730) + ($290 - $275 = $15 x 23.15hrs = $ 347.25)

4

- April 17, 2020 (1.0 hrs) "Locate the fax numbers or emails for all medical providers, drafted certification statement, drafted a statement requesting certification, and faxed the signed HIPAA authorization and statement to each provider sign the certification statement";

- October 4, 2021 (0.90 hrs) "Reviewed the rejections from several providers. Redrafted client's HIPAA authorization and submitted it to her for signature, because the prior authorization has since expired";

- January 4, 2022 (0.75 hrs) "Drafted records requests again for UC Health providers, Kindred Hospital, and Centres at Lincoln, then faxed them.";

- March 15, 2022 (0.65 hrs) "Called Medicare's customer service, spoke with a representative to set up the online profile. Unable to set it up as an unauthorized user. Spoke with client's daughter and advised that she or her mother set up this account so that we can recover evidence of more recent treatment";

- June 4, 2022 (0.30 hrs) "Reviewed new exhibit and filed"; and

- November 14, 2022 (0.45 hrs) "Reviewed fee affidavit and timekeeping, discussed with GP, then notarized and filed the affidavit"

ECF No. 65-2 at 1,2, 6-8, 16 and 18.

I will apply the following rates to this category of tasks: $163 per hour for time billed in 2020; $172 per hour for time billed in 2021 and $177 per hour for time billed in 2022. These rates are in line with what an experienced paralegal would receive. This reduces the awardable attorney's fees by **$4,152.20**. [8]

### C. Administrative Time

Additionally, within the billing records submitted, it appears that a number of entries are for tasks considered clerical or administrative. In the Vaccine Program, secretarial work "should be considered as normal overhead office costs included within the attorney's fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014).

---

[8] This amount consists of: ($410 - $163 = $247 x 0.50 hrs = $123.50) + ($250 - $163 = $678.60) + ($455 - $172 = $283 x 0.75 hrs = $212.25) + ($275 - $172 = $103 x 6.15 hrs = $633.45) + ($480 - $177 = $303 x 3.8 hrs = $1,151.40) + ($300 - $177 = $123 x 11 hrs = $1,353.00) = $4,152.20.

5

"[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387). A total of 1.7 hours was billed by paralegals on tasks considered administrative including, taking notes, paying invoices, and reviewing emails.

Examples of these include (but are not limited too):

- November 5, 2021 (1.0 hrs) "Attended conference call with client's daughter and took notes";

- November 16, 2021 (0.30 hrs) "Faxed the records requested to Kindred Aurora";

- February 4, 2022 (0.10 hrs) "Received bill from Highlands Ranch and forwarded to BF for action";

- February 4, 2022 (0.30 hrs) "Received bill from Highlands Ranch and paid";

- August 23, 2022 (0.20 hrs) "OSM staff attorney conferred with BF to confirm that no more records requests are necessary. BF forwarded to me, I wrote into the client notes that updated UCHealth records are no longer necessary"; and

- September 14, 2022 (1.25 hrs) "Searched for all of my email correspondence related to this case and forwarded to GP for accurate timekeeping".

ECF No. 65-2 at 6, 7, 11, 15 and 17.

Because the Program does not reimburse such administrative tasks, I will further reduce the amount of fees by **$1,575.50**.[9]

## ATTORNEY COSTS

Petitioner requests $419.73 in overall costs. ECF No. 65-3 at 25 -28. This amount is comprised of obtaining medical records and the Court's filing fee. I have reviewed the requested costs and find them to be reasonable and shall award it in full.

---

[9] This amount consists of ($275 x 1 hrs = $275) + ($300 x 1.4 hrs = $420) + ($455 x 0.30 hrs = $136.50) + ($480 x 1.55 hrs = $744.00) = $1,575.50.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT IN PART Petitioner's Motion for attorney's fees and costs. I award a total of **$44,093.26** (representing $43,673.53 in fees and $419.73 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[10]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[10] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.